Dore, J.
Petitioner, a veteran of World War II, to obtain a home for himself and his family, purchased a dwelling in The *116 Bronx with three apartments. He had compelling necessity for the purchase. After his marriage in 1946, he and his wife were unable to find an apartment and were compelled to live in three rooms with his brother-in-law and sister-in-law, an apartment occupied by two married couples; and the difficulties in his living conditions were increased by the birth of a son in petitioner’s own family. To get a home of his own he purchased a dwelling in The Bronx on which he made a cash payment of $5,966.07. His equity is clearly sufficient to justify an application for a certificate of eviction.
As a condition to selling the Bronx dwelling, the seller insisted on two leases, one for himself and one for his parents, for two years, so that the only apartment available for petitioner’s use was the remaining apartment on the upper floor occupied by a tenant.
Petitioner in May, 1948, applied to the temporary city housing rent commission for a certificate of eviction of the remaining tenant. The commission denied the application and, in an article 78 proceeding, Special Term denied petitioner’s application to annul the commission’s determination. From Special Term’s order, petitioner appeals.
The commission did not base its denial on the absence of compelling necessity or specifically on the absence of good faith as ' such but solely, as the record shows, on the one ground stated in the commission’s order of denial dated June 23, 1948: “ Seller in possession of an apartment ”.
[Regulation II of the Bules and Begulations of the Temporary City Housing Bent Commission (art. II, § 5, subd. [b], par. [1]) provides for the issuance of a certificate of eviction when “ The landlord or purchaser seeks, in good faith, to recover possession of such apartment for his own immediate and personal use and occupancy for dwelling purposes. * * * ”
In this case the purchase of a home for petitioner and his family clearly was not a speculative venture, ora“ self-created hardship ’ ’. This record contains no factual proof whatever that the applicant does not in good faith want an apartment for his own personal use or that he could have purchased the dwelling under any conditions other than those under which he did.
On argument the attorney for the commission admitted that there was no factual showing of bad faith on petitioner’s part, and added that the commission has decided as a matter of its own “ policy ” that whenever a buyer of property leaves the seller in part possession and then attempts to evict another tenant, the *117 application for eviction is eo ipso held by the commission to be “ in bad faith This “ policy ” in our opinion improperly attempts to add to the statute provisions not incorporated by the Legislature. In every instance the issue of good or bad faith is or should be an issue of fact not to be decided a priori as a matter of commission ‘ ‘ policy ’ but on the record and on the merits as disclosed in each particular case. In the case before us, there is no factual proof whatever that the petitioner’s application was in bad faith. On the contrary the evidence indicates that the owner acted in good faith.
This petitioner, because of compelling necessity, bought a home for his family, and sought in good faith to recover possession of an apartment therein for his own immediate personal use. For over a year and a half, he has been prevented from obtaining the apartment. On the undisputed facts herein, we think the commission’s action was arbitrary, capricious and illegal.
The order appealed from should be reversed and petitioner’s motion granted annulling the determination of the temporary city housing rent commission and granting petitioner’s application for a certificate of eviction.